■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KYLE JENKINS, Appellant. [899 NYS2d 227]—

Judgment, Supreme Court, New York County (Carol Berkman, J., at suppression hearing; William A. Wetzel, J., at jury trials and sentence), rendered August 18, 2005, convicting defendant, after a jury trial, of attempted robbery in the first degree, and also convicting him, after a second jury trial of the same indictment, of murder in the second degree, and sentencing him to an aggregate term of 22½ years to life, unanimously affirmed.

The court properly denied defendant's motion to suppress his two videotaped statements and the oral and written statements that he gave to two detectives in between. Those statements were sufficiently attenuated from the statements defendant made before he received *Miranda* warnings, since there was a significant break of more than nine hours between the pre-

*Miranda* questioning and the first videotaped statement, the interviews were conducted by a completely different set of interrogators, and *Miranda* warnings were readministered before each interview (*see People v Paulman*, 5 NY3d 122, 130-134 [2005]). Furthermore, defendant's pre-*Miranda* statements were almost entirely exculpatory and gave him no reason to believe it would have been futile to assert his rights. There is also no evidence that the detective who initially questioned defendant deliberately withheld warnings in order to elicit a confession (*compare Missouri v Seibert*, 542 US 600 [2004]); on the contrary, as soon as defendant made a statement that potentially connected him to the murder, the detective immediately advised him of his rights. Finally, the prosecutor's warnings to defendant, after he had already waived his rights several times, reasonably conveyed to defendant his right to have an attorney present for any questioning, and we reject defendant's arguments to the contrary (*see Duckworth v Eagan*, 492 US 195, 203 [1989]). Concur—Tom, J.P., Mazzarelli, Andrias, Saxe and DeGrasse, JJ.